United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ODALIS RODRIGUEZ GONGORA, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00647 |
| | § | |
| ORLANDO PEREZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**

Before the Court are Petitioner's petition for a writ of habeas corpus, (D.E. 1), and the Government's motion to dismiss. (D.E. 11).[1] For the reasons below, the Court **GRANTS** the Government's motion to dismiss, (D.E. 11), and **DISMISSES** Petitioner's habeas petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (Ramos, J.) (citations omitted). A habeas petition is moot if a petitioner is no longer detained and "the petitioner's 'claimed grounds for relief go only to [her] detention . . . [but] not the underlying removal proceedings or its collateral consequences[.]'" *Etuk v. Bondi*, No. 3:24-CV-02640-B, 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025) (Rutherford, Mag. J.) (quoting *Nieto Ramirez v. Holder*, 583 F. App'x 330, 331−32 (5th Cir. 2014)), *adopted*, No. 3:24-CV-02640-B, 2025 WL 1908169 (N.D. Tex. July 10, 2025) (Boyle, J.).

Petitioner filed a petition for a writ of habeas corpus on April 10, 2026, challenging only her detention. (D.E. 1). On May 20, 2026, an immigration judge dismissed the removal

[1] The Court reminds the Parties to ensure that all exhibits referenced in their pleadings are properly attached and filed with the Court.

proceedings against Petitioner and adjusted her status under the Cuban Adjustment Act. *Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 20, 2026); (D.E. 11, p. 1). Petitioner was subsequently released from detention and no longer remains in custody as of October 21, 2026. (D.E. 11, p. 1). Because Petitioner is no longer detained and her "claimed grounds for relief go only to [her] detention," her habeas petition is moot. *See Etuk*, 2025 WL 1908738, at *2. Accordingly, the Court **GRANTS** the Government's motion to dismiss, (D.E. 11), and **DISMISSES** Petitioner's petition. (D.E. 1).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 21st, 2026